IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIERRE CLEMAT, | : | Civ. No. 3:24-CV-1295 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Chief Magistrate Judge Bloom) |
| | : | |
| DETECTIVE COREY | : | |
| CONDRAD, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. Statement of Facts and of the Case

Pending before the court are the defendants' motions to dismiss the *pro se* prisoner-plaintiff's amended complaint. (Doc. 26, 27). Pierre Clemat is an inmate currently incarcerated in the Pennsylvania Department of Corrections at the State Correctional Institution at Somerset ("SCI Somerset"). Clemat filed this civil rights action on August 1, 2024, against five detectives of the Dunmore Police Department—Corey Condrad, John Munley, Harold Zech, Tommy Davis, and Vince Butklewicz. (Doc. 1). He then filed an amended complaint on January 24, 2025, which the defendants now move to dismiss. (Docs. 25-27).

Clemat's claims arise out of his arrest by the defendants in November of 2017. According to his initial complaint, Clemat was arrested on November 15, 2017, and "framed for drugs that were not [his]." (Doc. 1 at 4). He further asserts that the detectives "lied to get [him] convicted on the drugs that were not [his]." (*Id.*). The amended complaint gives only slightly more detail to Clemat's claims, indicating that he believes he was unlawfully stopped without a search warrant. (Doc. 25 at 2-3). A search of the public docket in Clemat's state criminal case reveals that he was convicted by a jury of possession of a controlled substance with the intent to deliver and possession of drug paraphernalia in July of 2018, and in October of 2018 he was sentenced to an aggregate term of 90 to 180 months' imprisonment. *Commonwealth v. Clemat*, CP-35-CR-0002687-2017.[1]

The defendants have now moved to dismiss the amended complaint, arguing that Clemat's amended complaint was improperly filed, and further, that his claims are barred by the applicable statute of limitations

---

[1] We may take judicial notice of the public docket in the plaintiff's underlying state criminal case. *Orabi v. Att'y Gen.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

and by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docs. 26, 27). The plaintiff failed to respond to these motions, and we granted him an extension of time in which to respond. (Doc. 30). The plaintiff's deadline to respond to these motions has now passed with no response, and as such, we will deem the motions unopposed. For the following reasons, we will grant the motions to dismiss.[2]

## II. Discussion

### A. Motion to Dismiss - Standard of Review

The defendants have filed motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[2] Because the plaintiff filed an amended complaint, and we consider the allegations of both his initial and amended complaint in this Memorandum Opinion, we will deem the defendants' initial motions to dismiss (Docs. 16, 17) moot.

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial

justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). Additionally, we must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

## B. Under this Court's Local Rules, the Motion will be Deemed Unopposed.

The Local Rules of this court provide that a party opposing a motion to dismiss must respond to the motion and "file a brief in opposition within fourteen (14) days after service of the movant's brief. . ." Local Rule 7.6. Rule 7.6 further admonishes that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." *Id.* It is well established that courts may grant a motion to dismiss under Rule 7.6 "if a party fails to comply with the [R]ule after a specific direction to comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

In this case, the plaintiff has failed to comply with Rule 7.6 and this court's Standing Practice Order because he has not filed a timely response to the instant motion. This procedural default compels us to consider "a basic truth: we must remain mindful of the fact that 'the

Federal Rules are meant to be applied in such a way as to promote justice.'" *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)). Thus, we must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules.

Here, because the plaintiff has failed to respond to the motion to dismiss, under Rule 7.6 we will now deem the motions unopposed.

### C. The Motions to Dismiss will be Granted.

As we have noted, the defendants moved to dismiss Clemat's amended complaint, arguing that it was improperly filed.  They also contend that Clemat's claims are barred by the statute of limitations and by *Heck's* favorable-termination rule.  After consideration, we agree and will grant the motions to dismiss.

At the outset, Clemat's filing of his amended complaint violates Rule 15 of the Federal Rules of Civil Procedure.  Rule 15 permits a party to amend a pleading once as a matter of course, if amended within a particular timeframe, and with either consent of the opposing party or leave of court in all other cases. Fed. R. Civ. P. 15(a).  The time to amend a pleading as a matter of course is either 21 days after service, or 21 days

after a Rule 12 motion is served.  Fed. R. Civ. P. 15(a)(1).  Here, Clemat

failed to properly file an amended complaint under Rule 15, as his

amended complaint was filed more than two months after the defendants

filed their initial Rule 12 motions and after he had filed briefs in

opposition to those motions.  Additionally, Clemat never sought leave to

amend.

However, even if we were to consider Clemat's amended complaint,

we conclude that his claims fail as a matter of law.  Clemat's claims arise

out of his arrest in November of 2017.   The statute of limitations for §

1983 claims mirrors the state's statute of limitations for personal injury

claims.  *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009).  In Pennsylvania,

this limitations period is two years from the date the cause of action

accrued.  *See* 42 Pa. Cons. Stat. § 5524.  The limitations period begins to

run "when the plaintiff knew or should have known of the injury upon

which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d

472, 480 (3d Cir. 2014) (quoting *Kach*, 589 F.3d at 634) (quotations

omitted).

Clemat alleges that the unlawful stop and arrest occurred on

November 15, 2017.  (Doc. 1).  But Clemat did not file the initial

complaint until August 1, 2024, more than seven years after the alleged unlawful conduct. Accordingly, Clemat's claims are plainly barred by the two-year statute of limitations.

Moreover, Clemat's claims challenge his arrest and conviction for drug trafficking crimes in state court, where he was found guilty by a jury in 2018. Thus, it would appear that any claims arising out of his state criminal case would be barred by *Heck*. It is well established that "[n]o cause of action exists under § 1983 for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid' or would 'necessarily imply the invalidity of the conviction, unless the conviction or sentence has been reversed, vacated, expunged, or otherwise favorably terminated." *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) (quoting *Heck*, 512 U.S. at 486). Accordingly, a plaintiff may not bring an action under § 1983 based on "alleged unconstitutional conduct that would invalidate" his underlying conviction. *Grier v. Klem*, 591 F.3d 672, 677 (3d Cir. 2010).

Here, Clemat challenges the conduct underlying his state criminal conviction for drug trafficking crimes. Thus, any damages claim the plaintiff brings challenging that proceeding would "necessarily imply the

invalidity of the conviction[.]" *Heck*, 512 U.S. at 486.  Accordingly, any such claim is *Heck*-barred.

In sum, Clemat has failed to abide by Rule 15 in the filing of his amended complaint.  However, even considering the plaintiff's untimely filing, Clemat's claims fail as a matter of law, as they are barred by the two-year statute of limitations and *Heck*.  Accordingly, we will grant the defendants' motions to dismiss.

Finally, while we recognize that *pro se* plaintiffs should generally be permitted to amend their complaints, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), this complaint is materially flawed with respect to these claims and defendants and thus, we believe leave to amend would be futile.  Accordingly, we will dismiss the complaint with prejudice.

## III.    Conclusion

For the foregoing reasons, the defendants' motions to dismiss (Docs. 26, 27) will be GRANTED, and the complaint will be DISMISSED WITH PREJUDICE.

An appropriate order follows.

10

_s/ Daryl F. Bloom_
Daryl F. Bloom
Chief United States Magistrate Judge